IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| KAREN DEWOLFE AND ALAN DEWOLFE,<br><br>PLAINTIFFS,<br><br>V.<br><br>AARP SERVICES, INC., AARP, INC., AARP OF THE VIRGIN ISLANDS, INC., GRUPO COOPERATIVO SEGUROS MULTIPLES, COOPERATIVA DE SEGUROS MULTIPLES OF PUERTO RICO, OVERSEAS INSURANCE AGENCY, INC., SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., VERICLAIM, INC., AND BYRON GILCHREST,<br><br>DEFENDANTS. | NO. 1:19-CV-56 (MEM-EAH) |

### AARP DEFENDANTS' NOTICE OF CROSS 30(B)(6) DEPOSITION OF HORIZON LOSS SOLUTIONS LLC D/B/A PHOENIX CLAIMS CONSULTING

PLEASE TAKE NOTICE that pursuant to Rules 26, 30, and 32 of the Federal Rules of Civil Procedure, Defendants AARP, Inc. and AARP Services, Inc. by its undersigned counsel, will take the deposition of Horizon Loss Solutions LLC d/b/a Phoenix Claims Consulting on Thursday, January 19, 2023 at 10:00 a.m., in conjunction with the deposition noticed by the Adjuster Defendants. This deposition is being taken for the purpose of discovery or evidence in this case to be used at trial and for any other purpose permitted under the Federal Rules of Civil Procedure or the Federal Rules of Evidence.

The depositions will take place at Hitchcock & Associates, 111 South Baylen, Pensacola, Florida, 32502, before an officer duly authorized to administer oaths in the State of Florida. The deposition will be taken by stenographic and/or videotape means and will continue from day-to-day until completed.

1

Dated: January 12, 2023						Respectfully submitted,

/s *Andrew C. Simpson*
Andrew C. Simpson (VI Bar 451)
Howard L. Phillips (VI Bar 2014)
**Andrew C. Simpson, P.C.**
2191 Church Street, Suite 5
Christiansted, VI  00820
asimpson@coralbrief.com
hphillips@coralbrief.com
340-719-3900

/s *Karen Ellis Carr*
Karen Ellis Carr (*admitted pro hac vice*)
Eric Roman (*admitted pro hac vice*)
Mattie Bowden (*admitted pro hac vice*)
**ArentFox Schiff LLP**
1717 K Street, NW
Washington, DC 20006
karen.carr@afslaw.com
eric.roman@afslaw.com
mattie.bowden@afslaw.com
202-857-6000

*Counsel for AARP Services, Inc.
and AARP, Inc.*

## EXHIBIT A

## DEFINITIONS

1. The term "communication" shall mean any oral or written or otherwise recorded expression of information whatsoever.

2. "Lawsuit" shall refer to *DeWolfe et al. v. AARP, Inc. et a.*, No. 1:19-cv-56, pending before the United States District Court of the Virgin Islands.

3. The terms "Plaintiffs," shall refer to Plaintiffs Karen DeWolfe and Alan DeWolfe.

4. The terms "You," "Your," or "Phoenix" refer to Horizon Loss Solutions LLC d/b/a Phoenix Claims Consulting or anyone acting on Phoenix's behalf.

5. "Property" shall refer to the real property located at 235 Belvedere, Christiansted, St. Croix, Virgin Islands.

6. "Real Legacy" shall refer to Real Legacy Assurance Company, Inc.

7. The phrase "AARP Defendants" refers collectively to defendants AARP Inc. and AARP Services, Inc.

8. Whenever the terms "document," "documents," or "all documents" are used herein, these terms are meant to include all documents available to Plaintiffs and include, without limitation, any written, electronic, recorded, graphic, or printed matter, in whatever form, whether printed and/or produced by hand or any other process, specifically including (1) all originals, copies, or drafts, and (2) originals, copies, or drafts on which appear any notes or writings placed thereon after the document was first printed, typed, recorded, or made into graphic matter, however produced or reproduced, in the actual or constructive possession of Plaintiffs, including, without limitation, any letters; telegrams; memoranda; writings; circulars; monographs; bulletins; manuals; speeches; audio and video tapes; drawings; blueprints; recordings; computer disks or

tapes; computer electronic, magnetic, or optical memory devices in readable form; computer printouts; computer electronic messages, e-mails and other electronic correspondence, instant text messages; word processing documents; Internet usage files; document image files; web pages; data created using personal data assistants ("PDAs"); notes; correspondence; communications of any nature; summaries of records of conversations or conferences; information which can be retrieved by any process, test and/or analysis; reports and data sheets; specifications; diagrams, sketches; minutes or reports and/or summaries of investigations; opinions or reports of consultants or consulting engineers; agreements and contracts; brochures; pamphlets; advertisements; letters to the trade; and including any other tangible things.

9. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

10. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

11. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

12. The use of the singular form of any word includes the plural and *vice versa*.

## DEPOSITION TOPICS

1. Your communications, negotiations, or discussions with Sedgwick Claims Management Services, Inc. ("Sedgwick"), Vericlaim, Inc. ("Vericlaim"), or Byron Gilchrest ("Gilchrest"), concerning the Property or any damage sustained by the Property as a result of Hurricane Maria, any insurance claim arising out of such damage, and any documents, including emails, concerning this topic.

2. Your communications or discussions with the AARP Defendants, or anyone acting on their behalf, concerning the Property or any damage sustained by the Property as a result of Hurricane Maria, any insurance claim arising out of such damage, and any documents, including emails, concerning this topic.

3. Your communications, negotiations, or discussions with Real Legacy, or anyone acting on its behalf, concerning the Property or any damage that was sustained by the Property as a result of Hurricane Maria, any insurance claim arising out of such damage, and any documents, including emails, concerning this topic.

4. Your communications or discussions concerning the relationship between the AARP Defendants, Real Legacy, and the Plaintiffs' insurance claims at issue in this Lawsuit and any documents, including emails, concerning this topic.

5. Your communications or discussions with the Plaintiffs concerning this Lawsuit, and any documents, including emails, concerning this topic.

6. Your communications or discussions with the Plaintiffs concerning any of the above-listed topics.

7. Your communications or discussions with the Plaintiffs concerning this Lawsuit or any of the parties to this Lawsuit and any documents, including emails, concerning this topic.