IN THE DISTRICT COURT OF VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| KAREN DeWOLFE AND ALAN DeWOLFE )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>AARP SERVICES, INC., AARP, INC., AARP )<br>OF THE VIRGIN ISLANDS, INC., GRUPO )<br>COOPERATIVE SEGUROS MULTIPLES, )<br>COOPERATIVE DE SEGUROS MULTIPLES )<br>OF PUERTO RICO, OVERSEAS INSURANCE )<br>AGENCY, INC., SEDGWICK CLAIMS )<br>MANAGEMENT SERVICES, INC., )<br>VERICLAIM, INC., and BYRON GILCHREST, )<br>)<br>Defendants )<br>_____ ) | Civil Action No. 1:19-CV-56 |

## **PLAINTIFFS' MOTION FOR AN AMENDED CASE MANAGEMENT ORDER**

COMES NOW Plaintiffs, by and through their undersigned counsel, and moves this Honorable Court for the entry of an Amended Case Management Order. In support thereof Plaintiffs further state:

On August 4, 2022, the parties filed a Joint Motion to Extend the Factual Discovery and Other Case Deadlines. The Motion was based primarily on fact that at that time the parties were not at issue because the motions to dismiss filed by the Adjuster Defendants and the Seguros Defendants had not yet been ruled on. An Order granting a new Case Management schedule was granted on August 9, 2022. The new scheduling order set a factual discovery deadline for November 15, 2022.

After Plaintiffs and the AARP Defendants were unable to reach an agreement on Protective Order terms aimed at protecting certain of AARP's confidential business information Plaintiffs had sought in discovery, the AARP Defendants filed a Motion for a

Protective Order on October 12, 2022. That motion remains pending and no opposition has been filed. A hearing on that motion is currently scheduled for April 4, 2023. The AARP Defendants contend that they have been unable produce certain documents sought by Plaintiffs in discovery until an Order is entered on that motion. Plaintiffs contend that this has delayed much of Plaintiffs' discovery as Plaintiffs assert that they need these documents in order to prepare for and take most of the depositions they have requested.

On November 10, 2022, Plaintiffs filed an unopposed Motion for an Amended Case Management Order. The Motion was based upon a number of factors. First, Plaintiffs' counsel had missed approximately three months of work since April, 2022. On April 26, 2022, her son and his girlfriend were assaulted in Rome, Italy, while on vacation. Her son suffered from a concussion and multiple facial fractures requiring maxio-facial reconstructive surgery, including the placement of three titanium plates, in Chicago, Illinois. Within 24 hours of returning to the States, his girlfriend tested positive for COVID 19, became very ill and had to isolate so as to avoid her son contracting the virus prior to his surgery.

Counsel was caring for both of them during their recovery periods and developed extremely high blood pressure that was not initially controlled despite being on two types of medication to treat it. Counsel's physician ordered her off work through May 26, 2022. Thereafter, she was only supposed to return part time but the demands of her practice did not permit a gradual return to work.

Upon her return to her office Plaintiff's counsel, who is a sole practitioner, was extremely backed up with work and deadlines including multiple criminal cases, some of

2

which she was appointed by courts to handle. She tried a sexual assault jury trial in *PVI v. Moran* for seven day in July, 2022.

The parties in this matter had scheduled depositions of Plaintiffs and their public adjuster in October in order to comply with the current scheduling Order. However, on September 4, 2022, Plaintiff's counsel learned that her twenty-two year old (step) granddaughter (her son's niece) had been killed in a horrific collision with a semi tractor-trailer. She was intimately involved with assisting her step daughter with legal and other matters associated with the immediate aftermath of the death, including the vigil and funeral services. She was also grieving, along with all of the family members as she had been particularly close with her granddaughter all of her life. Counsel is still grieving and still assisting in the legal matters arising from her granddaughter's death.

Plaintiff's counsel flew to the States for her granddaughter's vigil and funeral. The funeral was a COVID 19 super spreader and almost all of the family members who attended contracted the virus. Counsel tested positive for it on September 22, 2022, after becoming symptomatic. Counsel was ordered by her physician to stay off work until October 11, 2022, in order to recover from the illness. While Counsel is significantly better, she was, and is, still experiencing post COVID fatigue and memory issues. That motion was never ruled upon.

In total, Plaintiffs' counsel was unable to work for approximately three and a half months in 2022. This, of course, caused her work load on all of her cases to back up. She had been trying to get back on a timely track ever since, while still suffering from COVID effects involving fatigue and memory/time orientation issues.

On December 27, 2022, Plaintiffs' counsel was advised by the Superior Court that the trial in *Theodore v. WAPA*, a fifteen year old wrongful death case, would proceed on February 13, 2023. Extensive preparation for that trial was conducted including the issuance of trial subpoenas and the preparation of a Final Joint Pre-trial brief and Order. However, approximately one week before trial, over counsel's client's vehement objection, the trial court granted the defendant's motion to stay pending an appeal to the V.I. Supreme Court. Thereafter, Plaintiffs' counsel was involved in expedited motion practice in that case before the V.I. Supreme Court.

During this same time period, on February 8, 2023, counsel received an Order in *Gillham v. The Virgin Islands Supreme Court, et., al*., a District Court case wherein counsel represents the Supreme Court of the Virgin Islands. The Order required significant briefing of motions in both the District Court and in connection with interlocutory appeals filed in the Third Circuit on behalf of the Virgin Islands Supreme Court. That briefing is ongoing.

On February 28, 2023, a large part of counsel's office was flooded with raw sewage when the bathroom plumbing system of the tenant located directly above counsel's office overflowed and/or leaked from the piping between the upstairs floor and the ceiling in counsel's office. The area involved included counsel's physical file rooms. Extensive hazmat cleaning was required that lasted over a two week period. Thereafter, the landlord commenced repairs which were just completed on March 25, 2023. Counsel has hired help to reorganize her office over the Easter holidays, but until then she will only have partial access to her physical files.

Additionally, Plaintiffs' counsel was scheduled to try an aggravated rape case in the Superior Court, *PVI v. Aaron Henry*, with jury selection to occur on March 17, 2023 and trial to start on March 20, 2023. All parties answered ready for trial on March 3, 2023. Consequently, counsel again engaged in extensive trial preparation, including witness preparation, issuance of subpoenas and preparation of jury instructions and a Joint Final Pretrial Order. On March 14, 2023, this trial was also continued over counsel's client's strenuous objections, just days before the jury was to be selected.

On top of all of these matters, counsel was appointed to a criminal case, *PVI v. Deserre Rodriquez*, in January, 2023. The case is allegedly connected to a first degree murder case. Counsel is also involved as appointed counsel in an appeal from a second degree murder conviction of a 17 year old to the V.I. Supreme Court in *PVI v. Enik Cole*. She also has a vacant Legal Assistant position in her office that she has been trying to fill since February, 2023.

Of course, counsel has additional cases that have demanded her attention. She is a sole practitioner and has been averaging 14 hour work days during the week and 10 hour work days on the weekends since January 10, 2023.

Nevertheless, and despite the challenges that Plaintiffs' counsel and her office have faced, the parties have all continued to engage in the discovery process with both written discovery and depositions ongoing. Both Plaintiffs and their Public Adjuster have been deposed. The same is true of the cases that have been consolidated with this one for discovery, only.

Plaintiffs wish to depose at least eight persons, three Rule 30(b)(6) representatives, one individual defendant and four, possibly five, additional persons

5

either employed or formerly employed by the AARP Defendants. Plaintiffs have been advised that one of the AARP employees they wish to depose, Alison Arms, will be on maternity leave through the end of August, 2023. These depositions will take place in Texas, Washington D.C. and Puerto Rico. However, the depositions cannot be scheduled until, at a minimum, a decision has been made on the motion for a Protective Order and the subsequent production of documents from the AARP Defendants.

It is possible that Defendants may also wish to take additional depositions. To date, the scheduling of depositions has been challenging as the schedules of the deponents, and lawyers for the AARP and Adjuster Defendants along with the remaining Defendant's attorney and Plaintiffs' attorney must be coordinated.

Additionally, the AARP Defendants recently sent discovery dispute correspondence, which Plaintiffs have interpreted to suggest that they will ultimately engage in discovery motion practice, although no such motions have been filed to date. Plaintiffs will also engage in discovery dispute conferences with all Defendants that may thereafter result in discovery motion practice.

Also, the Adjuster Defendants recently propounded additional written discovery. Plaintiffs are in the process of responding to the same.

For all of these reasons, Plaintiffs request that a new Case Management Order be entered as follow:

(a) Fact Discovery: All factual discovery, including written discovery and fact witness depositions, shall be completed by September 23, 2023.

(b) Mediation: Mediation to be completed by November 6, 2023 and will be conducted pursuant to Local Rule of Civil Procedure 3.2(c)(1).

(c)     Plaintiffs' Expert(s): Plaintiffs' expert(s) will be named and copies of their opinions as provided in Fed.R.Civ.P. 26(a)(2) by December 22, 2023.

(d)     Defendants' Expert(s): Defendants' expert(s) will be named and copies of their opinions as provided in Fed.R.Civ.P. 26(a)(2) by February 6, 2024. The parties shall cooperate in scheduling any requested medical examination(s) of the Plaintiffs by that date.

(e)     Expert Depositions: All experts' depositions, as provided in Fed.R.Civ.P. 26(a)(2), shall be completed by May 30, 2024. No rebuttal reports are allowed without leave of the Court.

(f)     Joint Notice Regarding No Dispositive Motions:  If no dispositive motions will be filed in the case, the parties shall file, no later than June 3, 2024, a Joint Notice stating that the parties have not filed, and do not intend to file, any dispositive motions.

(g)     Dispositive Motions:  All dispositive motions shall be filed by July 3, 2024.  The Parties agree that no extensions on the filing of opposition or reply briefs are allowed without leave of the Court.

However, the Seguros Defendants' only objection it the deadline for identifying Defendant's expert witnesses which it requests be extended to March 2, 2024.

WHEREFORE, Plaintiffs asks this Honorable Court for the entry of an Order Amending the current Case Management Order as described herein.

7

|  |  |
|---|---|
|  | LAW OFFICES OF PAMELA LYNN COLON, LLC<br>Attorney for Plaintiffs |
| DATED:  April 4, 2023 | /s/ Pamela Lynn Colon, Esquire<br>Pamela Lynn Colon, Esquire<br>Law Offices of Pamela Lynn Colon, LLC<br>2155 King Cross Street—Ste. 3<br>Christiansted, VI 00820-4842<br>Tel:  (340) 719-7100<br>Fax: (340) 719-7700<br>pamelalcolon@msn.com |